CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 03 2018

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **LESTER EUGENE BOWLES, Plaintiff,** | ) | **Civil Action No. 7:17-cv-00117** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JACKSON, Defendant.** | ) | **By: Hon. Jackson L. Kiser Senior United States District Judge** |

Lester Eugene Bowles, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. §§ 1983 and 12132, naming Correctional Sergeant Jackson as the sole defendant. Plaintiff complains about the way Sgt. Jackson purportedly treated Plaintiff for wanting to use a wheelchair while eating meals. Sgt. Jackson filed a motion for summary judgment, to which Plaintiff responded, making this matter ripe for disposition. After reviewing the record, I grant Sgt. Jackson's motion for summary judgment.

**I.**

On October 8, 2015, Plaintiff arrived at River North Correctional Center ("RNCC") with the wheelchair assigned to him from a prior correctional facility. According to his medical record, Plaintiff is not permanently disabled or wheelchair bound and is able to stand and walk short distances without assistance other than a cane. Nonetheless, Plaintiff was allowed to use a wheelchair at RNCC to travel longer distances on the compound such as from the housing unit to the dining hall. Because he was allowed a wheelchair, policy allowed that Plaintiff be assisted by an inmate caregiver who would push the wheel chair and retrieve meal trays from the serving line.

An inmate in the RNCC dining hall with a wheelchair has several places to sit during meal times. He can move to one of eight wheelchair seating areas; move next to a regular table

seat and swap seats[1]; or park the wheelchair outside the dining hall and walk the short distance to a regular dining table. If no seating area is available in the assigned dining hall, the inmate may use the neighboring dining hall.

On one occasion, the wheelchair seating areas were full when Plaintiff arrived at the dining hall in his wheelchair. Another inmate behind Plaintiff had a permanent disability that prevented him from walking. Consequently, Sgt. Jackson asked Plaintiff to sit at a regular table to prioritize the permanently disabled inmate's access to a wheelchair table. Sgt. Jackson avers that Plaintiff became angry, asked to speak to a Lieutenant, ate his meal while sitting on a regular seat, and left the dining hall. Sgt. Jackson avers he did not instruct Plaintiff to leave the dining hall.

Plaintiff claims that Sgt. Jackson harassed him on a second occasion because there were too many wheelchairs in the dining hall. Sgt. Jackson avers that Bowles became angry and left the dining hall on his own accord and was not ordered to leave.

**II.**

Sgt. Jackson filed a motion for summary judgment, arguing, inter alia, the defense of qualified immunity. Qualified immunity permits "government officials performing discretionary functions . . . [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a defendant raises the qualified immunity defense, a plaintiff bears the burden to show that a defendant's conduct violated the plaintiff's right. Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir. 1993).

[1] The practice means the inmate moves the wheelchair adjacent and above the table's metal seat and scoots himself out of the wheelchair and onto the regular seat.

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing admissible evidence and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing–"that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the admissible evidence as a whole could not lead a rational trier of fact to find in favor of the non-movant.[2] Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

## III.

Plaintiff's allegations most closely align with a claim under the Eighth and Fourteenth Amendments. However, none of the allegations establish a violation of federal law, and thus, Sgt. Jackson is entitled to qualified immunity and summary judgment.

[2] The complaint was not verified under penalty of perjury, and Plaintiff filed an unverified letter in response. Cf. 28 U.S.C. § 1746. Consequently, neither document constitutes admissible evidence to oppose Sgt. Jackson's motion for summary judgment.

In order to establish cruel and unusual living conditions prohibited by the Eight Amendment, prisoner must prove that "the deprivation of [a] basic human need was objectively sufficiently serious," and that "subjectively the officials acted with a sufficiently culpable state of mind." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation marks omitted). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See, e.g., Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). In order to demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions. Helling v. McKinney, 509 U.S. 25, 31 (1993); Strickler, 989 F.2d at 1381.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id.

Plaintiff does not identify another disabled or wheelchair bound inmate who has been denied access to the chow hall or otherwise denied benefits by Sgt. Jackson. Furthermore, Plaintiff's allegations do not support an inference that any alleged difference in treatment was a result of intentional or purposeful discrimination, and Plaintiff has not set forth "specific, non-conclusory factual allegations" of discriminatory intent. See, e.g., Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003); O'Bar v. Pinion, 953 F.2d 74, 82 (4th Cir. 1991). At most, the record shows that any denial of wheelchair access was due to lack of space in the chow hall and not a

discriminatory animus. Even if Plaintiff was not able to consume two non-consecutive meals over several weeks, it is well established that skipping a meal does not constitute cruel and unusual punishment. See, e.g., White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (affirming dismissal of Eighth Amendment claim about missing one meal as frivolous and indisputably meritless). Moreover, Sgt. Jackson is not a proper defendant to a claim under 42 U.S.C. § 12132. See, e.g., Baird v. Rose, 192 F.3d 462, 471 (4th Cir. 1999) (noting 42 U.S.C. § 12132 does not recognize a cause of action for discrimination against individuals). In light of Plaintiff's failure to establish a violation of federal law, Sgt. Jackson is entitled to qualified immunity and summary judgment.

**IV.**

For the foregoing reasons, I grant Sgt. Jackson's motion for summary judgment.

**ENTER**: This 3rd day of ~~June,~~ July 2018.

Jackson L. Kiser

Senior United States District Judge